BERRÍOS, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Consolidation of Properties.

No. 442.—Decided December 4, 1919.

RECORD OF TITLE—CONSOLIDATION OF PROPERTIES.—A surviving spouse consolidated several adjoining properties and sought to have them recorded in his name in

the registry of property as a single property. The properties had been acquired while the said person was married. *Held:* That the registrar was right in refusing to record the deed.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellant.

The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

José A. Berríos, a widower, executed a notarial instrument in which he stated that he was the owner of several adjoining rural properties which were subject to a single contract of lease and expressed his desire to consolidate them into a single property. The instrument was presented in the registry of property and the registrar refused to record it because it appeared from the instrument that Berríos was a widower and the registry showed that the properties consolidated had been acquired while he was married and therefore were presumed to be conjugal partnership property.

Berríos took the present appeal from that decision and cited in his favor the jurisprudence of this court in the cases of *Díaz v. Registrar of Property,* 12 P. R. R. 5, and *Palou v. Registrar of Property,* 19 P. R. R. 352.

We have examined the said cases and find that they do not support the appellant's contention. Although it is true that a consolidation is not an alienation or an encumbrance, nor does it partake of the character of a contract, and although it may be considered as an act which gives rise to a new record in the registry, it is a record of such a nature as to affect only the registry itself and does not create, modify or extinguish any right whatsoever. *Palou v. Registrar of Property,* 19 P. R. R. 355. It is also true that properties to be consolidated must belong to one single owner or to several joint owners and that the owner or owners must ask for their consolidation. See Art. 61 of the Regulations for the Execution of the Mortgage Law and the case of *Muñoz v. Registrar of Caguas,* 25 P. R. R. 786.

The properties here consolidated have the character of community property. If the appellant is a widower, as he stated in the deed, the conjugal partnership was necessarily dissolved by the death of the wife. The partnership being dissolved, only in the event that the appellant were the sole heir of his wife, or that other properties had been allotted to the other heirs and all these properties awarded to him as his share in the conjugal partnership, could he be at present the sole owner of them, and none of these facts appear from the deed. And if the partnership had not been liquidated and there were several heirs and the properties were yet held in common, then there are several owners and the consolidation should have been made and the record asked for by all of them and not by one alone.

The decision must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.